510 So.2d 996 (1987)
27TH AVENUE GULF SERVICE CENTER and Wilfred Gibson, Appellants,
v.
Winston SMELLIE and Enid Smellie Grace Smellie and Robert Smellie, Appellees.
Nos. 86-793, 86-818, 86-839 and 86-842.
District Court of Appeal of Florida, Third District.
July 14, 1987.
Rehearing Denied September 4, 1987.
*997 Daniels & Hicks and Bambi G. Blum and Miller & Selig, Miami, for appellant 27th Ave. Gulf Service Center.
Herman M. Klemick, Miami, for appellant Wilfred Gibson.
Whitelock & Richardson and Jack Whitelock, Jr., Miami, for appellees Winston and Enid Smellie.
Ross Bennett Gampel, Miami, for appellees Grace and Robert Smellie.
Before SCHWARTZ, C.J., and HUBBART and FERGUSON, JJ.
PER CURIAM.
These consolidated appeals arise out of a multiple vehicle accident which resulted in two separate lawsuits. A truck owned by 27th Avenue Gulf, towing a disabled vehicle, collided with a van operated by plaintiff Winston Smellie in which Enid, Robert and Grace Smellie were passengers. The van careened out of control into a vehicle operated by Wilfred Gibson which was following the tow truck. Gibson, it is agreed, was without fault. The principle issue on liability was which vehicle, the tow truck or the van, had crossed the center line separating east and west bound traffic.
Gibson filed a lawsuit naming as defendants Winston Smellie (driver of the van), Torres (tow truck operator) and Gulf (tow truck owner). Winston Smellie and Gulf filed cross-claims against each other for contribution. Gulf filed a third-party complaint against Enid Smellie, Winston's mother and owner of the van, who counterclaimed.
Gulf is insured by Southeastern Fidelity Insurance Company under a $300,000 liability policy. Enid Smellie is insured under a $10,000 policy with Allstate. Prior to trial, Gibson and Gulf entered into a lengthy and complex settlement agreement containing, as its most significant provision, a $100,000 low guarantee and a $300,000 maximum depending on the trial verdict.
The three main issues in this appeal concern the trial court's consolidation of the cases for trial on the liability issues, a refusal to admit demonstrative evidence as to how the accident occurred, and the admission of the agreement into evidence.
Those facts relevant to the third issue show that the defendants Winston and Enid Smellie, and their insurer Allstate, referred to the Gibson-Gulf agreement from opening statement, through closing argument, as a "secret deal," "an attempt to limit [Gulf's] liability behind me at the expense of my clients and to create an unfair advantage in this lawsuit," "a conspiracy [with] implications that go beyond what occurs in this courtroom," an "unsavory agreement," "reprehensible," that "[Gulf's counsel] is like a player who shaves points in a ball game," and a "collusion." The jury returned a verdict in Gibson's lawsuit against Torres and Gulf for $600,000, and in favor of Winston and Enid Smellie.[1]
Gibson complains that the arguments regarding the settlement prejudiced Torres and Gulf which indirectly caused him harm. The argument, he contends, caused the *998 jury to saddle Gulf and Torres with 100% of the liability whereas there was evidence of negligence on the part of Winston Smellie. The effect of the verdict on liability is to leave Gibson with an uncollectible judgment for $300,000 in accordance with the high-low agreement and Gulf's policy limits. Gulf complains that it was Winston Smellie and not Torres who caused the accident by crossing the center line into the vehicle being towed by Torres, and that it would have demonstrated that the accident could not have happened as the witnesses testified had it been permitted to recreate the tow truck actions with demonstrative evidence.
Appellees call the Gibson-Gulf settlement a Mary Carter Agreement which is admissible as evidence to be commented upon. Appellant Gulf agrees that the settlement between Gibson and Gulf is a Mary Carter Agreement but disagrees that it is subject to characterization before the jury as collusive or otherwise improper. Gulf relies on Swanson v. State Farm Fire & Casualty Co., 349 So.2d 202 (Fla. 4th DCA 1977). Appellant Gibson disagrees with Gulf that the Gibson-Gulf settlement is a Mary Carter agreement. He contends the agreement is an ordinary settlement which was not admissible as evidence.
A true Mary Carter Agreement is "basically a contract by which one codefendant secretly agrees with the plaintiff that, if such defendant will proceed to defend himself in court, his own maximum liability will be diminished proportionately by increasing the liability of the other codefendants," Ward v. Ochoa, 284 So.2d 385, 387 (Fla. 1973), and is admissible as evidence. We have examined the agreement in question and find that it is totally devoid of that liability shifting feature essential to a Mary Carter Agreement. An agreement where the defendant and plaintiff agree to a minimum and maximum amount of a judgment notwithstanding the jury verdict is a common form of settlement. It does not diminish the liability of one party by proportionately increasing the liability of another party.
Admission of the agreement into evidence was therefore prejudicial error. See Sea Cabin, Inc. v. Scott, Burk, Royce & Harris, P.A., 496 So.2d 163 (Fla. 4th DCA 1986), review denied, 504 So.2d 768 (Fla. 1987). Appellees' negative characterization of the agreement before the jury would have been improper even if it were a Mary Carter agreement. Swanson v. State Farm Fire & Casualty Co. Reversal is required on this point.
Whether to admit demonstrative evidence to show how the accident occurred, as well as whether to consolidate the cases for trial, were within the court's sound discretion. We have examined the record and find no clear showing that the discretion was abused. Vitt v. Ryder Truck Rentals, Inc., 340 So.2d 962 (Fla. 3d DCA 1976).
Affirmed in part; reversed in part, and remanded for a new trial on liability only.
NOTES
[1] Judgment was entered for Winston and Enid Smellie, and against Torres and Gulf on the cross-claims and third party claim. The trial court further entered a judgment on the liability issue in favor of Grace and Robert Smellie and against Torres and Gulf. Winston and Enid Smellie prevailed on their third party claims against Torres and Gulf.