664 So.2d 14 (1995)
Barbara B. COLLINS, Appellant,
v.
Sally L. WILKINS, Appellee.
No. 94-2383.
District Court of Appeal of Florida, Fourth District.
November 8, 1995.
Sharon Lee Stedman, Sharon Lee Stedman, P.A., Orlando, for appellant.
George H. Moss and Lisa D. Harpring, Moss, Henderson, Van Gaasbeck, Blanton & Koval, P.A., Vero Beach, for appellee.
WARNER, Judge.
The appellant challenges an assessment of an attorney's fee under section 768.79, Florida *15 Statutes (1993), the offer of judgment statute. She contends that a contingency risk multiplier cannot be used to calculate a reasonable fee under section 768.79, Florida Statutes, in this personal injury case. She claims that the only factors which can be considered are those listed in the statute. We disagree with this interpretation of the statute and affirm.
The statute provides:
When determining the reasonableness of an award of attorney's fees pursuant to this section, the court shall consider, along with all other relevant criteria, the following additional factors:
§ 768.79(7)(b), Fla. Stat. (1993) (emphasis supplied). The statute follows with enumerated additional factors for the court to consider. However, these are not exclusive but, as the statute says, must be considered with the other relevant criteria. Since the statute also refers the court to the guidelines promulgated by the supreme court in determining a reasonable fee, see section 768.79(6)(a), (b), Florida Statutes (1993), we look to the Rules of Professional Conduct, Rule 4-1.5, Fees for Legal Services, for the factors to be considered in determining a reasonable fee. These include whether or not the fee is fixed or contingent. Rule 4-1.5(b)(8). The rule also specifies that all factors should be considered in setting a reasonable fee, "and may be applied, in justification of a fee higher or lower than that which would result from application of only the time and rate factors." Rule 4-1.5(c). Therefore, we conclude that the legislature authorized a trial court to consider the application of a contingency risk factor as one criterion which may be applied in determining a reasonable fee under section 768.79. See also Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828, 831 (Fla. 1990).
Finding no error in the remaining issue raised, we affirm.
PARIENTE and SHAHOOD, JJ., concur.