SHEVIN, Judge.
Plaintiff Jose Cardona appeals a final judgment in defendants’ favor. We reverse.
Prior to commencement of the evi-dentiary portion of the trial, Cardona and all the defendants entered into a “high-low” agreement: regardless of the jury’s verdict, Cardona’s maximum recovery would be $100,000; the minimum would be $15,000. For purposes of the agreement, defendants were willing to concede one percent liability.
After a jury verdict in defendants’ favor, the court refused to enforce the agreement and entered an “Order Disapproving High-Low Stipulation” essentially finding that the agreement was tantamount to gambling, violated public policy, and offended the integrity of the court and the jury system. The court then entered final judgment for defendants.
We cannot agree that the high-low stipulation was an unenforceable Mary Carter Agreement.[1] A Mary Carter Agreement is “a contract by which one co-defendant secretly agrees with the plaintiff that, if such defendant will proceed to defend himself in court, his own maximum liability will be diminished proportionately by increasing the liability of the other codefendants.” Dosdourian v. Carsten, 624 So.2d 241, 243 (Fla.1993)(emphasis added). The hallmark of a Mary Carter Agreement is the pitting of one defendant against the remaining defendants at trial. Ward v. Ochoa, 284 So.2d 385 (Fla.1973). In contrast, the agreement in this case is “totally devoid of that liability shifting feature essential to a Mary Carter Agreement.” 27th Avenue Gulf Serv. Ctr. v. Smellie, 510 So.2d 996, 998 (Fla. 3d DCA 1987). Here, all of the defendants agreed to the settlement, shared the benefits of the liability cap, and liability was not shifted.
If the tables were turned, and instead of a defense verdict, the jury returned a plaintiffs verdict in an amount in excess of $100,-000, and the court had chosen to disregard the agreement and enter judgment for the full amount of the jury verdict, the defendants would have been justifiably outraged.
“An agreement where the defendant and plaintiff agree to a minimum and maximum amount of a judgment notwithstanding the jury verdict is a common form of settlement. It does not diminish the liability of one party by proportionately increasing the liability of another party.” Smellie, 510 So.2d at 998. This court has approved high-low agreements recognizing that they do not carry the onus attached to Mary Carter Agreements. Oakwood Hills Co. v. Horacio Toledo, Inc., 599 So.2d 1374 (Fla. 3d DCA), review denied, 609 So.2d 40 (Fla.1992); Smellie. We continue to do so. The final judgment is reversed, and the cause remanded with instructions to enter judgment in the amount of $15,000 in plaintiffs favor.
Reversed and remanded with instructions.

. Booth v. Mary Carter Paint Co., 202 So.2d 8 (Fla. 2d DCA 1967), rejected by, Ward v. Ochoa, 284 So.2d 385 (Fla.1973), abrogated by, Dosdourian v. Carsten, 624 So.2d 241 (Fla.1993).