772 So.2d 622 (2000)
Isaac LABATON, Appellant,
v.
Denisha MELLERT, David Mellert, her husband, Thrift Shops of South Broward, Inc., a Florida corporation, Hallandale Thrift, Inc., a Florida corporation, and Hallandale Thrift Management, Inc., a Florida corporation, Appellees.
No. 4D99-3225.
District Court of Appeal of Florida, Fourth District.
December 13, 2000.
Richard A. Sherman and Rosemary B. Wilder of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and Jeffrey B. Tutan of Law Offices of Alan L. Landsberg, Hollywood, for appellant.
David B. Pakula of Fazio, Dawson, DiSalvo, Cannon, Abers, Podrecca & Fazio, Fort Lauderdale, for appellees Denisha Mellert and David Mellert, her husband.

ON REHEARING
PER CURIAM.
Appellant has filed a motion for rehearing, motion for rehearing en banc, motion to certify and a motion to stay mandate. We grant the motion for rehearing in part to correct a factual inaccuracy in the original opinion, withdraw the original opinion, and substitute the following. We deny the motions in all other respects.
We are compelled to affirm the amended final judgment herein as the record before the trial court does not justify the conclusion that it abused its discretion, and there is extant authority for the action it took. See, e.g., Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993); Collins v. Wilkins, 664 So.2d 14 (Fla. 4th DCA 1995); Kaufman v. MacDonald, 557 So.2d 572, 573 (Fla.1990).
The amended final judgment recites, in part:
This matter is before the Court upon application of counsel for Plaintiff for an award of attorney fees. Plaintiff, Denisha Mellert, filed suit against Defendant Issac [sic] Labaton for injuries suffered as a consequence of tripping over the exposed metal protruding from a concrete parking space bumper in the parking lot in which Defendant Labaton maintained a place of business. Plaintiff David Mellert sought recovery for loss of consortium as a result of his wife's injuries. Testimony presented to a jury resulted in a verdict for Plaintiffs.
On June 11, 1996, Plaintiffs offered, pursuant to F.S. 768.79, to settle the entire case for a total sum of $75,000. At the time the settlement offer was made, there was only a single defendant. The offer was declined and Plaintiff, in response to issues raised by counsel for Issac [sic] Labaton, added three Florida corporations as defendants. On March 30, 1999, upon conclusion of lengthy, contested pretrial litigation and a jury *623 trial of several days, a verdict totalling [sic] $129,410.74 was entered against Labaton. Judgment thereon was entered on April 5, 1999, with a reservation to address the issue of assessment of attorney fees. On July 21, 1999, the Court received conflicting testimony from expert witness [sic] retained by counsel for the respective parties. In addition, the Court reviewed the contents of the official court file and personal notes taken during the course of the trial.
The Court is satisfied the Plaintiff had a difficult case from the inception of her injury. Trip and fall cases are viewed with a great deal of skepticism by the general public, personal injury attorneys, insurance companies and, most importantly, by juries. The likelihood of Plaintiffs prevailing was, in the opinion of his expert witness, very slim. Counsel for Plaintiffs was required to finance the litigation with his separate resources with the probability of reimbursement directly linked to the results of the litigation.
The Court has reviewed the detailed billings of Plaintiffs' counsel and finds them to be reliable. While there may be some minor discrepancies, the billings, when read as a whole, do not reflect either excessive charges or unnecessary activity. On the contrary, it appears to the Court as though Plaintiffs' counsel did not charge for all the work necessitated by the response of Defendants to this litigation.
The Court expressly finds:
A. a reasonable hourly rate for a trial attorney of the skills of Plaintiffs' counsel, D. Fredrico Fazio and his partner, Scott DiSalvo, is $400.
B. the nature of this claim entitles Plaintiffs' counsel to a multiplier of 2.0 as it was more likely than not, when he took on the case, the ultimate verdict of a jury would be in favor of Defendants.
C. the reasonable number of hours allowed for Mr. Fazio and Mr. DiSalvo combined is 491.
D. a total attorneys' fee, including a multiplier of two, for Mr. Fazio and Mr. DiSalvo is $392,800.00.
(Footnote omitted).
The amended final judgment based on the special interrogatory verdict assessed 40% of the liability for the incident against appellant and 30% against one other defendant, the remaining negligence being assessed against the plaintiff.
Accordingly, pursuant to the verdict, judgment was entered against appellant and the other defendants, jointly and severally, for $97,010.97 as appellees' economic losses and against appellant individually for $32,400 on non-economic losses.
Appellant raises three points. First, he claims that appellees were not entitled to fees, because their judgment was not 25% more than the offer. We reject this, because appellant ignores the fact that although the jury assessed him with only 40% of the damages, he is in fact jointly and severally liable for all economic damages, which would be part of the judgment obtained as used in Schmidt. Second, he objects to the application of the contingency risk multiplier as not satisfying the requirements of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985) and Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla.1990). The appellant's expert testified as to all of the requirements, and the trial court believed that testimony.
Finally, appellant challenges the amount of the award as excessive on its face. An award is not unreasonable merely because the fee exceeds the recovery. See Baker v. Varela, 416 So.2d 1190, 1192 (Fla. 1st DCA 1982). Rather, in determining what fee is reasonable, courts must consider whether the claim had merit, the number and nature of proposals made, the closeness of questions of fact and law at issue, whether the party making the proposal has unreasonably refused to provide *624 the necessary information to evaluate the reasonableness of the proposal, whether the suit presented questions of "far-reaching importance affecting nonparties," "[t]he amount of the additional delay cost and expense that the party making the proposal reasonably would be expected to incur if the litigation were to be prolonged," and all other "relevant criteria." § 768.79(7)(b), Fla. Stat. (1997); Fla. R. Civ. P. 1.442(h)(2); see also Rowe, 472 So.2d at 1151 (holding court should consider, in determining whether the award is reasonable, the time and labor required, the novelty and difficulty of the question involved, the results obtained, and whether the fee is fixed or contingent). The trial court's ruling above is not an abuse of discretion but a careful analysis of the entire case and testimony before the court.
The hearing on appellees' attorney's fees was, more or less, a swearing match between the parties' expert witnesses. Testimony supports where the trial court finally came down.[1]
Affirmed.
WARNER, C.J., STONE, J., and GLICKSTEIN, HUGH S., Senior Judge, concur.
NOTES
[1] Appellant, as in Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979), has failed to provide the court with appellees' actual fee agreement.