809 So.2d 6 (2001)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Sally SARKIS, Appellee.
No. 5D00-2217.
District Court of Appeal of Florida, Fifth District.
December 7, 2001.
Rehearing Denied February 7, 2002.
Richard A. Sherman and Rosemary B. Wilder of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and Theresa K. Clark of Law Offices of Patricia E. Garagozlo, Melbourne, for Appellant.
*7 Robert M. Moletteire of Graham, Moletteire, Tuttle & Torpy, P.A., Melbourne, for Appellee.
EN BANC.
SHARP, W., J.
Allstate Insurance Company appeals from a final judgment awarding attorney's fees to its underinsured motorist insured, Sally Sarkis, based on her proposed settlement offer of $10,000 pursuant to section 768.79, Florida Statutes, the offer of judgment statute. Allstate argues that the total fee award of $87,675 is excessive and should be reduced by the contingency risk multiplier factor of 1.5, resulting in a fee of $58,450. We agree with Allstate that contingency risk multipliers should not be used to compute attorney's fees in offer of judgment cases. Because this overturns prior caselaw in this court,[1] we issue this opinion en banc.
In Garrett, we affirmed an attorney's fee award which included a 1.5 contingency risk multiplier in the computation of an attorney's fee award pursuant to section 768.79 without an analysis of how it was established in that case. In Strahan and Figueroa, we held that contingency risk multipliers are available in computing attorney's fees under section 768.79, but that the parties in those cases failed to prove the necessary predicate based on Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990). That predicate, we said, is a showing that the attorney representing the party who made the offer of judgment would not have taken the case (nor would any other competent attorney in that legal community) without the availability of the multiplier.
The problem is this court has yet to see a case in which such a showing has been made to the satisfaction of the appellate panel. As Chief Judge Schwartz said in Gonzalez v. Veloso, 731 So.2d 63 (Fla. 3d DCA 1999), such a showing is logically problematic:
Quaere: Whether any such showing can ever be made, and thus whether a multiplier is ever appropriate, when fees are awardable only when a reasonable offer is not accepted under section 768.79, an eventuality which obviously cannot be anticipated when counsel is obtained.
731 So.2d at 64.
In this case, Sarkis made a strong showing to support the award of a multiplier. One of her attorney expert witnesses testified that the possibility of obtaining a multiplier fee award in this case was "absolutely something that any competent attorney would be taking into consideration and expect." In accepting this case, he said, an attorney would have to consider the need to recover more than $35,000 because of the PIP, medical payments and tortfeasor setoffs, and the attorney would have to prove permanent injury for a plaintiff with a history of prior accidents and pre-existing conditionsnot a promising case from the outset. Further, because the case involved Allstate as the insurer/defendant and it has a firm policy to not settle cases, this case would likely go to trial, with the attorney having to finance costs. There was no way to mitigate the risk of nonpayment in any way.
Sarkis' attorney testified:

*8 [I]t is very tough to find competent counsel unless that counsel has an understanding that if we succeed at tilting the windmill [Allstate] and doing that successfully that there will be a reward at taking the risk on a contingency fee.
The primary rationale for allowing a contingency risk multiplier is to provide access to competent counsel for persons otherwise unable to afford it. The availability of a multiplier levels the playing field between the parties with unequal abilities to secure legal representation. Bell v. U.S.B. Acquisition Co., Inc., 734 So.2d 403 (Fla.1999); Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990); Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
Having said that such awards are possible, under the offer of judgment statute, we must now retract that holding.[2] It is not fair to the parties or the Bar to continue to hold out the hope of obtaining a contingency risk multiplier in offer of judgment cases and then overturn the awards because of the inability to prove the impossible. We adopt the view of Judge Casanueva dissenting in Pirelli Armstrong Tire Corp. v. Jensen, 752 So.2d 1275 (Fla. 2d DCA 2000) (Casanueva, J., concurring in part and dissenting in part), rev. dismissed, 777 So.2d 973 (Fla.2001) that neither Quanstrom nor section 768.79 authorizes the use of contingency risk multipliers in calculating attorney's fees awarded under the offer of judgment statute. Accordingly, we reverse the attorney's fee award in this case and remand for the entry of an award based on reasonable hours and rates. We acknowledge conflict with Pirelli and Collins v. Wilkins, 664 So.2d 14 (Fla. 4th DCA 1995), rev. denied, 670 So.2d 937 (Fla.1996).
REVERSED and REMANDED.
THOMPSON, CJ., COBB, PETERSON, GRIFFIN, SAWAYA, PLEUS, PALMER and ORFINGER, R.B., JJ., concur.
HARRIS, J., concurs specially with opinion.
HARRIS, J., concurring specially:
I concur with the majority in its holding that the contingency fee multiplier does not apply in offer of judgment cases. I do so primarily because I agree with that portion of Judge Casanueva's dissent in Pirelli concluding that the legislature simply did not intend its application. I am not at all sure, however, that had the legislature intended that the multiplier be used, that classifying defense attorneys who normally charge by the hour differently than plaintiffs' attorneys (who most often utilize the contingency fee contract) would not pass a rational basis standard.
NOTES
[1] See Garrett v. Mohammed, 686 So.2d 629 (Fla. 5th DCA), rev. denied, 697 So.2d 510 (Fla.1997); Strahan v. Gauldin, 756 So.2d 158 (Fla. 5th DCA 2000), rev. granted, 786 So.2d 1189 (Fla.2001), rev. dismissed as improvidently granted, 800 So.2d 225 (Fla.2001); Internal Medicine Specialists, P.A. v. Figueroa, 781 So.2d 1117 (Fla. 5th DCA), rev. dismissed, 790 So.2d 1103 (Fla.2001).
[2] As Oliver Wendell Holmes said: "The life of the law has not been logic, it has been experience."