PER CURIAM.
We affirm. See Lewis v. Bondy, 752 So.2d 1225 (Fla. 1st DCA 2000); see also Labaton v. Mellert, 772 So.2d 622 (Fla. 4th DCA 2000). Because section 768.79(7)(b), Florida Statutes, directs trial courts to consider, in determining the reasonableness of an attorney’s fee award, certain enumerated factors “along with all other relevant criteria,” and because sections 768.79(6)(a) and (b), Florida Statutes, refer trial courts to the guidelines promulgated by the supreme court, we agree with the Second and Fourth Districts that the Legislature authorized trial courts to consider *1240 and apply a contingency risk multiplier when awarding an attorney’s fee award pursuant to section 768.79. See Island Hoppers, Ltd. v. Keith, 820 So.2d 967, 974 (Fla. 4th DCA 2002); Pirelli Armstrong Tire Corp. v. Jensen, 752 So.2d 1275, 1276 (Fla. 2d DCA 2000). In doing so, we note conflict with Allstate Insurance Co. v. Sarkis, 809 So.2d 6 (Fla. 5th DCA 2001) (en banc), review granted, 826 So.2d 992 (Fla.2002).
AFFIRMED.
BOOTH, WEBSTER and LEWIS, JJ„ concur.