848 So.2d 365 (2003)
BROWN & WILLIAMSON TOBACCO CORPORATION, as successor by merger to The American Tobacco Company, Appellant,
v.
Grady CARTER and Mildred Carter, Appellee.
No. 1D01-1480.
District Court of Appeal of Florida, First District.
April 16, 2003.
Order Certifying Question June 26, 2003.
J.W. Prichard, Jr., and Robert B. Parrish, of Mosely, Warren, Prichard & Parrish, Jacksonville; and Thomas E. Riley, of Chadbourne & Parke, LLP, New York, New York, for Appellant.
Norwood S. Wilner and Gregory H. Maxwell, of Spohrer, Wilner, Maxwell & Matthews, PA, Jacksonville; and Ada A. Hammond and Charles M. Johnston, of Johnston, Hammond & Burnett, Jacksonville, for Appellees.
PER CURIAM.
Appellant challenges an award of trial attorney's fees. Based on the unpublished order in Brown & Williamson Tobacco Corp. v. Carter, Case No. SC-94,797 (Fla. Dec. 13, 2002), we affirm the trial court's application of section 768.79, Florida Statutes, but reverse the application of the contingency fee multiplier. Accordingly, we remand to the trial court to enter an award of trial attorney's fees of $707,000.00.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
BOOTH and HAWKES, JJ., concur.
KAHN, J., dissents with opinion.
*366 KAHN, J., dissenting.
I respectfully dissent, and would affirm the attorneys' fee award now before us on appeal.
Appellees, Mr. and Mrs. Carter, obtained a jury verdict against Brown & Williamson in a tort action. This court then reversed the final judgment entered upon that jury verdict. See Brown & Williamson Tobacco Corp. v. Carter, 723 So.2d 833 (Fla. 1st DCA 1998) (Carter I). During the pendency of that case on appeal, the Carters moved for an award of attorneys' fees in the trial court based upon their offer of judgment under section 768.79, Florida Statutes (1995).
With regard to the amount of fees the trial court could award, Brown & Williamson made but one argument. As noted in the order entered by the trial court on April 11, 1997, Brown & Williamson urged that "an award of attorneys' fees, if any, should be limited to the contingent percentages set forth in Plaintiffs' original written contingent fee contract they agreed to with their attorneys." Brown & Williamson argued that pursuant to the contingency fee contract, any award of attorneys' fees would be limited to $337,500, or the equivalent of forty-five percent of the jury verdict of $750,000. Brown & Williamson and the Carters also stipulated that $707,000 would be an appropriate lodestar figure for the legal services performed by the Carters' lawyers.
Brown & Williamson expressly took no position on the application of a contingency risk multiplier. The trial court rejected Brown & Williamson's argument concerning a cap imposed by the contingency fee contract and proceeded to award a contingency risk multiplier of 2.5 pursuant to Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla.1990). Brown & Williamson then appealed the attorneys' fee order to this court.
In the meantime, the Florida Supreme Court accepted discretionary review of Carter I. Before the supreme court decided the merits of the main case, this court reversed the trial court's award of fees based upon our earlier reversal of the entire jury verdict. See Brown & Williamson Tobacco Corp. v. Carter, 728 So.2d 344 (Fla. 1st DCA 1999) (Carter II). Then, the Florida Supreme Court quashed this court's original decision in its entirety and reinstated the jury verdict. See Carter v. Brown & Williamson Tobacco Corp., 778 So.2d 932 (Fla.2000) (Carter III).
In the supreme court, the Carters had filed an appropriate motion for appellate attorneys' fees, again based on their offer of judgment. The supreme court granted this motion and remanded the matter to the trial court for a determination of appellate attorneys' fees. Also, as a result of the supreme court's action, the parties agreed that the trial court should reenter the attorneys' fee award reversed by this court in Carter II. The trial court reentered the order nunc pro tunc to April 11, 1997, and Brown & Williamson again appealed.
With the appeal of the trial fee award pending here, the trial court took up the question of appellate attorneys' fees due to the Carters' attorneys for the successful result ultimately obtained on appeal. As with the issue of trial fees, Brown & Williamson stipulated to the lodestar amount ($790,000) and expressly took no position with respect to application of a contingency risk multiplier to the stipulated lodestar figure. Brown & Williamson, in contesting the amount of appellate attorneys' fees, continued to pursue its position that the Carters were limited by the forty-five percent contingency fee contract entered with their attorneys. The trial court, by then a successor judge to the judge who had entered *367 the order on trial attorneys' fees, entered a ruling consistent with the earlier fee order and applied a 2.5 contingency multiplier to the stipulated lodestar amount for appellate attorneys' fees. Brown & Williamson timely sought review in the supreme court pursuant to rule 9.400(c), Florida Rules of Appellate Procedure.
Before the trial court entered the appellate fee order, the Fifth District Court of Appeal decided Allstate Insurance Co. v. Sarkis, 809 So.2d 6 (Fla. 5th DCA 2001), review granted, 826 So.2d 992 (Fla.2002), in which it held that neither Quanstrom, nor section 768.79, "authorizes the use of contingency risk multipliers in calculating attorneys' fees awarded under the offer of judgment statute." 809 So.2d at 8. The rule 9.400(c) motion for review filed by Brown & Williamson in the supreme court contains the following curious passage:
In the trial court, Respondent did not take a position as to the application of a risk multiplier, but left that decision to the court. Respondent takes no position on this issue herein, but notes that the Fifth District Court of Appeals recently held that "... contingency risk multipliers should not be used to compute attorneys' fees in offer of judgment cases." Allstate Insurance Co. v. Sarkis....
(emphasis added).
The Fifth District in Sarkis noted direct conflict with Pirelli Armstrong Tire Corp. v. Jensen, 752 So.2d 1275 (Fla. 2d DCA 2000), review dismissed, 777 So.2d 973 (Fla.2001), and Collins v. Wilkins, 664 So.2d 14 (Fla. 4th DCA 1995), review denied, 670 So.2d 937 (Fla.1996). This court has now repeatedly held that a trial court errs when it refuses to consider a contingency risk multiplier in an offer of judgment attorneys' fee case. See Lewis v. Bondy, 752 So.2d 1225 (Fla. 1st DCA 2000). See also Simon DeBartolo Group, Inc. v. Bratley, 838 So.2d 1239 (Fla. 1st DCA 2003); Univ. Med. Ctr., Inc. v. Blanchard, 843 So.2d 313 (Fla. 1st DCA 2003). The supreme court granted review of the Fifth District's Sarkis decision. See Sarkis v. Allstate Ins. Co., 826 So.2d 992 (Fla.2002) (table). The high court heard oral arguments in that case on February 4, 2003.
The final twist in the path leading us here occurred when, after accepting jurisdiction to review Sarkis, and before hearing oral argument in that case, the supreme court entered the unpublished appellate fee order now relied upon by the majority as authority for reversal of the contingency fee multiplier in the trial court fee. That order, entered upon Brown & Williamson's rule 9.400(c) motion for review, stated in pertinent part:
This court has determined that the attorneys for the plaintiffs are entitled to appellate attorneys' fees in the amount of $790,000 plus any interest that has accrued since July 2, 2001.
The court offered no rationale for the order, did not acknowledge in the order that the $790,000 figure was in fact the lodestar stipulated to by the parties below, and did not observe that the dispositive question, whether a contingency fee multiplier may be applied to a lodestar figure in an offer of judgment case, was then actually lodged in the bosom of the court in the form of Sarkis, a case set to be argued some eight weeks after the court entered the Carter fee order.
I can completely understand why this court would feel obligated to follow what appears to be the will of the supreme court. See First Union Nat'l Bank v. Turney, 839 So.2d 774, 775-76 (Fla. 1st DCA 2003) (Kahn, J. dissenting). Nevertheless, and knowing full well that the *368 handwriting may be on the wall, I cannot join in the opinion of the court.
Brown & Williamson completely failed to preserve the Sarkis argument. As if to accentuate that tactic, Brown & Williamson, in its stipulation on the question of attorneys' fees, expressly (quoting from the stipulation) took "no position with respect to the application of a contingency risk multiplier to the lodestar figure...." Moreover, Brown & Williamson did not raise the Sarkis argument in its brief before this court, although it filed the Sarkis opinion as supplemental authority and has noted the unpublished appellate fee order in its most recent filing here.
Nothing is more basic to our function as a court of review than the principle that error, other than fundamental error, must be preserved by an appropriate objection in the trial court. See, e.g., Dober v. Worrell, 401 So.2d 1322, 1323-24 (Fla.1981); Keech v. Yousef, 815 So.2d 718, 719-20 (Fla. 5th DCA 2002); Smithwick v. Television 12 of Jacksonville, Inc., 730 So.2d 795, 797 (Fla. 1st DCA 1999). In this case, the matter was not only not raised in the trial court by Brown & Williamson, it was never raised in their brief to this court. In the motion for review in the supreme court addressing the collateral issue of appellate fees, Brown & Williamson expressly declined to rely upon the rule of Sarkis. Here, Brown & Williamson elected to defend the amount of attorneys' fees solely on its position that the fee would have to be limited by the amount of the contingency fee contract, despite the fact that this district had not at that time addressed the multiplier question, Lewis v. Bondy not having been decided until three years after the matter of trial court attorneys' fees was presented to the circuit court.
Aside from the matter of non-preservation, I am led to the conclusion that the question of whether a contingency fee multiplier may be applied to offer of judgment attorneys' fees has been decided in this district. The supreme court has decided to exercise its conflict jurisdiction to reconcile the various cases noted in this opinion, has received briefs on these points, and has now heard oral argument on this question. Because this court, in Lewis, Simon Debartolo, and University Medical Center, held that a trial court must consider a contingency risk multiplier, we are bound to follow that rule until it is disapproved by the Florida Supreme Court or by this court en banc. Accordingly, if I were persuaded to reach the unpreserved question, I would affirm in reliance upon Lewis, and certify direct conflict with Sarkis as we did in Simon DeBartolo and University Medical Center.
For these reasons, I respectfully dissent.

ON APPELLEES' MOTION FOR REHEARING OR, ALTERNATIVELY, FOR REHEARING EN BANC AND APPELLEES' ALTERNATIVE MOTION FOR CERTIFICATION
PER CURIAM.
Appellees' Motion for Rehearing or, Alternatively, for Rehearing En Banc, is denied. Appellees' Alternative Motion for Certification is denied in part and granted in part. We certify the following question to the Florida Supreme Court as a question of great public importance:
MAY A CONTINGENCY RISK MULTIPLIER BE APPLIED TO AN ATTORNEY'S FEE AWARD BASED ON AN UNACCEPTED PROPOSAL OF SETTLEMENT?
See Allstate Ins. Co. v. Sarkis, 809 So.2d 6 (Fla. 5th DCA 2001), review granted, 826 So.2d 992 (Fla.2002).
BOOTH, KAHN and HAWKES, JJ., concur.