MAY, J.
The defendants in a defamation action appeal a final judgment entered in favor of the plaintiff and an order awarding attorney’s fees. Three issues are raised, two involving the sufficiency of the evidence; the third concerns the trial court’s award of attorney’s fees. We affirm the final judgment, but reverse the attorney’s fee award.
Following entry of the judgment, the plaintiff moved for attorney’s fees based upon the offer of judgment statute, section 768.79, Florida Statutes (2003). At the hearing on the motion, plaintiffs counsel requested the trial court to apply a contingency risk multiplier and advised the court of conflicting precedent. See Allstate Ins. Co. v. Sarkis, 809 So.2d 6 (Fla. 5th DCA 2001), and Island Hoppers, Ltd. v. Keith, 820 So.2d 967 (Fla. 4th DCA 2002). The defendants argued the contingency risk multiplier is inapplicable to fees awarded pursuant to the offer of judgment statute.
Relying on the prevailing authority in this jurisdiction at the time, Island Hoppers, the trial court applied a contingency risk multiplier of 2.5 in determining the fee award. However, the Supreme Court of Florida subsequently overruled Island Hoppers, and held a contingency risk multiplier cannot be applied to fees awarded under the offer of judgment statute. See Sarkis v. Allstate Ins. Co., 863 So.2d at 210. We therefore reverse the fee award.
On appeal, the plaintiff alternatively argues that Sarkis does not prohibit the use of a contingency risk multiplier in a fee awarded pursuant to section 44.103, Florida Statutes (2003) (court-ordered, nonbinding arbitration statute). The plaintiff maintains section 44.103, unlike section 768.79, contains no specific enumerated factors to be considered by a trial court in awarding fees. Therefore, the court is not prohibited from considering a contingency risk multiplier. We reject this distinction.
While the supreme court noted that section 768.79 did not include a contingency risk multiplier among the enumerated factors to be considered in awarding fees, that was not its only basis for disallowing the use of a multiplier. The real basis for its decision in Sarkis is that the underlying philosophy of section 768.79 and Florida Rule of Civil Procedure 1.442 is to encourage settlement rather than extend litigation. Id. at 218. For this same reason, we hold a court may not apply a contingency risk multiplier when awarding fees, pursuant to section 44.103, Florida Statutes (2003).
We reverse the order awarding fees and remand the case to the trial court for entry of an attorney’s fees award based upon the already established reasonable hourly rate and number of hours expended, and without the contingency risk multiplier. However, because the Florida Supreme Court did not address section 44.103 in Sarkis, and we deem this issue to be of great public importance, we certify the following question.
MAY A COURT APPLY A CONTINGENCY RISK MULTIPLIER IN AWARDING ATTORNEYS FEES PURSUANT TO SECTION 44.103, FLORIDA STATUTES (2003)?
Affirmed in part, reversed in part and remanded.
POLEN, J., and GOLD, MARC H., Associate Judge, concur.