# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-1917
LT Case No. 2019-CA-000868-A

_____

PHH MORTGAGE CORPORATION,

    Appellant,

    v.

ERIC V. SCHREIBER A/K/A ERIC
SCHREIBER AND KATHY
SCHREIBER,

    Appellees.

_____

On appeal from the Circuit Court for Citrus County.
Carol A. Falvey, Judge.

Rosannie T. Morgan, of Burr & Forman, LLP, Tampa,
for Appellant.

David La Croix, McAlpin, for Appellees.

November 27, 2024

EISNAUGLE, J.

    Appellant, PHH Mortgage Corporation, appeals a final judgment awarding Appellees, Eric and Kathy Schreiber, attorney's fees with a contingency fee multiplier in this foreclosure case. On appeal, Appellant argues that there was no competent substantial evidence to support the multiplier. We agree.

Our Florida Supreme Court has identified three factors to determine whether a multiplier is necessary in a tort or contract case. Those factors are:

> (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in *Rowe*[1] are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.

*Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828, 834 (Fla. 1990). "Evidence of these factors must be presented to justify the utilization of a multiplier." *Id.*; *see also SafePoint Ins. Co. v. Castellanos*, 49 Fla. L. Weekly D1364a (Fla. 3d DCA June 26, 2024) ("If there is no evidence that the relevant market required a contingency fee multiplier to obtain competent counsel, then a multiplier should not be awarded." (citation omitted)); *Deutsche Bank Nat'l Tr. Co., as Tr. for Morgan Stanley Home Equity Loan Tr. 2007-1 v. Pereira*, 352 So. 3d 3, 4 (Fla. 4th DCA 2022) (applying the *Quanstrom* factors in a foreclosure case).

The evidence below did not address the first factor—whether the relevant market requires a contingency fee *multiplier*. Specifically, Appellees' expert testified that "almost all [foreclosure] clients, because they couldn't pay their mortgage, they can't pay their attorney or . . . they pay very little as compared to the amount of work involved." The expert further opined that, given the client's inability to pay, most foreclosures involve some type of contingency fee.

While this testimony addresses the type of fee most common in foreclosure cases and the reason therefore, it says nothing about

---

[1] *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985).

whether a foreclosure client can obtain competent counsel without a multiplier. The final judgment awarding fees is therefore reversed and remanded for the trial court to enter an amended judgment without the contingency multiplier. *See Francis v. Akerley*, 884 So. 2d 455, 456 (Fla. 4th DCA 2004).

REVERSED AND REMANDED.

HARRIS and MACIVER, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____